

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-18-2002

# Pinnix v. Fielding Inst

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2961

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Pinnix v. Fielding Inst" (2002). *2002 Decisions.* Paper 747.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/747

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No:  01-2961
_____

ROGER PINNIX,

Appellant

v.

THE FIELDING INSTITUTE;
WILLIAM J. FRIEDMAN

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 99-cv-03384)
District Judge: Honorable Stephen M. Orlofsky

_____

Submitted Under Third Circuit LAR 34.1(a)
on October 16, 2002

Before: BECKER, Chief Judge, ROTH
and ROSENN  Circuit Judges

(Opinion filed: November 18, 2002)

O P I N I O N

ROTH, Circuit Judge:
     Roger Pinnix appeals a final order of judgment of the United States District Court
for the District of New Jersey, granting The Fielding Institute's  Motion for Summary
Judgment.  The District Court had subject matter jurisdiction pursuant to 28 U.S.C.
1332.  We have appellate jurisdiction pursuant to 28 U.S.C.  1291.  We exercise plenary
review over a grant of a motion for summary judgment.  See Metro Transp. Co. v. North
Star Reinsurance Co., 912 F.2d 672, 678 (3d Cir. 1990).  In our review, we view all
reasonable inferences from the evidence in a light most favorable to the nonmoving party.
 Hamilton v. Leavy, 117 F. 3d 742, 746 (3d Cir. 1997).  Summary judgment may be
granted where there exists no genuine issue as to any material fact, and the moving party
is entitled to judgment as a matter of law. F.R.Civ.P. 56(c).
     Pinnix contends that the District Court made two errors in granting summary

judgment: 1) it failed to recognize the existence of a contract based on the previous course of conduct between the parties under the original enrollment agreement, and 2) it applied an improper standard to Pinnix's breach of implied covenant of good faith and fair dealing claim.

We will not recount the facts relating to the prior negotiations and relationship of the parties because they are known to them.

Pinnix argues that the District Court was incorrect in analyzing his overall breach of contract claim. The District Court found that, based on negotiations between the parties during 1996 and 1997, The Fielding Institute presented a firm offer which Pinnix never accepted. Because there was no contract, Pinnix has no basis for his challenge of its interpretation. See Beukas v. Bd. of Trustees of Fairleigh Dickinson Univ., 605 A 2d 776, 783 and fn 4 (N.J. Law Div. 1991); ATACS Corp. v. Trans World Communs., 155 F. 3d 659, 666 (3d Cir. 1998), citing 1 Samuel Williston, A Treatise on the Law of Contracts 23, at 51 (Walter H.E. Jaeger, ed., 3d ed. 1957).

Pinnix, however, suggests that the previous course of conduct between the parties relating to "the entirety of the parties' long relationship" dating back to the original enrollment agreement in 1993 supports his interpretation of the contract terms. Pinnix argues that during previous negotiations, The Fielding Institute never required a lump sum payment or any formal performance on his behalf as it required in its 1997 offer. Pinnix goes on to contend that he had substantially performed over the years by paying nearly $100,000 in tuition payments. However, the District Court pointed out that the negotiations between the parties up until the 1997 negotiations had resulted in separate contracts, each terminated at the initiation of new negotiations.

We conclude that in 1997 there were valid negotiations between the parties and The Fielding Institute made an offer to Pinnix. Pinnix, however, never accepted the 1997 offer and he never made a counteroffer. There can be no breach of a contract if none existed.

Pinnix argues nevertheless that The Fielding Institute breached an implied covenant of good faith and fair dealings and that the District Court applied an improper standard to this claim. The District Court held that since no contract existed there can be no breach of an implied covenant of that contract. We conclude that this was the proper standard. See Beukas, 605 A 2d at 783 and fn 4.

For the foregoing reasons, we will affirm the judgment of the District Court.


By the Court,


/s/ Jane R. Roth
Circuit Judge